UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICKELSEN FARMS, LLC, et al.,, <br><br> Plaintiffs, <br><br> v. <br><br> ANIMAL AND PLANT HEALTH INSPECTION SERVICES, et al, <br><br> Defendants. | Case No. 1:15-CV-00143-EJL-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

   Before the Court in the above entitled matter are the Defendants' Motions to Dismiss. (Dkt. 14, 26.) The parties have filed responsive briefing and the Motions are ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

**ORDER- 1**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are a number of entities and individuals who farm potatoes in southeastern Idaho. In April of 2006, pale cyst nematode (PCN), *Globodera Pallida*,[1] was detected in the soil of a number of fields that raised potato crops in eastern Idaho. As a result, the Animal and Plant Health Inspection Services (APHIS)[2] published an Interim Rule and later adopted a Final Rule which provided regulations for the designation and quarantining of fields in Idaho. The Idaho State Department of Agriculture (ISDA) assisted in implementing the Final Rule.

The Plaintiffs filed this action against the federal and state Defendants challenging the issuance and implementation of the Interim Rule and Final Rule. (Dkt. 1.)[3] Specifically, Plaintiffs claim the federal Defendants violated the Administrative Procedure Act (APA), 5 U.S.C. §§ 553, 701-706; the Plant Protection Act (PPA), 7 U.S.C. §§ 7701 and 7786; the Federal Advisory Committee Act (FACA), 5 U.S.C. App. 2, §§ 1-16; the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-70; and the Tenth Amendment of the United States Constitution. As to the state Defendants, the Plaintiffs claim the ISDA failed

---

[1]PCN is a pest of potato crops which can reduce the potato yields through root damage but poses no threat to human health.

[2] The APHIS is a federal agency within the United States Department of Agriculture responsible for ensuring compliance with the federal statutes raised in this action.

[3] The named federal Defendants include the APHIS; Kevin Shea, the Administrator of APHIS; Brian Marschman, the Idaho Plant Health Director for APHIS; Tina Gresham, Director of PCN Program for APHIS; and Tom Vilsack, the United States Secretary of Agriculture. The named state Defendants are the ISDA and Celia R. Gould, the Director of the ISDA. All of the individually named persons are being sued in their official capacities.

ORDER- 2

to comply with its legal obligations under the Idaho Plant Pest Act (Idaho PPA), Idaho Code §§ 22-2001 to 22-2023; the Idaho Administrative Procedures Act (Idaho APA), Idaho Code § 67-5101 to 67-5292; and Idaho's Rules Governing the PCN (Idaho PCN Rules), IDAPA 02.06.10. Plaintiffs claim the state and federal Defendants' actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The federal Defendants have filed a Partial Motion to Dismiss certain claims arguing the Plaintiffs lack standing, the claims fail as a matter of law, and/or the claims fail to state a cause of action. (Dkt. 26.) The state Defendants' Motion to Dismiss, brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), argues the state Defendants are immune from private suit in federal court under the Eleventh Amendment. (Dkt. 14, 26.)

## STANDARDS OF LAW

### 1.  Rule 12(b)(1) Standard

A defendant's challenge to a plaintiff's standing under Federal Rule of Civil Procedure 12(b)(1) draws into question the Court's subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) motion may be asserted either as a facial challenge to the complaint or a factual challenge. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *Id.*; *see also Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988). When reviewing a facial challenge, the court is limited to the allegations in the

ORDER- 3

complaint, the documents attached thereto, and judicially noticeable facts. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000).

Conversely, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court may review extrinsic evidence, and if the evidence is disputed, the Court may weigh the evidence and determine the facts to satisfy itself as to its power to hear the case. *Id.* "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of proving that the case is properly in federal court. *See In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citation omitted).

## 2.    Rule 12(b)(6) Standard

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

**ORDER- 4**

In general, a motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

## DISCUSSION

### I.    Federal Defendants' Partial Motion to Dismiss

#### A.    Standing

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,' and 'Article III standing ... enforces the Constitution's case-or-controversy requirement.'" *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597–98 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). To establish Article III standing, a plaintiff must show that: (1) it suffered an injury in fact; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury

ORDER- 5

is likely to be redressed by a favorable decision. *Wildearth Guardians v. United States Dept. of Ag.*, 795 F.3d 1148, 1154 (9th Cir. 2015) (citations omitted).

The federal Defendants argue the Plaintiffs lack standing because their claims are procedural challenges alleging violations of certain federal statutes in relation to the Interim Rule and Final Rule. (Dkt. 26.). Plaintiffs maintain they have met the constitutional requirements for standing. (Dkt. 28.)

"To demonstrate standing to bring a procedural claim...a plaintiff 'must show that the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing.'" *Wildearth Guardians*, 795 F.3d at 1154 (quoting *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 485 (9th Cir. 2011)); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 n. 8 (1992). "Plaintiffs alleging procedural injury must show only that they have a procedural right that, if exercised, could protect their concrete interests." *Id.* (quoting *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1226 (9th Cir. 2008). "Once plaintiffs seeking to enforce a procedural requirement establish a concrete injury, 'the causation and redressability requirements are relaxed.'" *Id.* (quoting *W. Watersheds Project*, 632 F.3d at 485).

### 1.    APA Claims

The Complaint alleges the federal Defendants failed to provide the APA's requisite notice and comment procedures when it formulated, issued, adopted, and applied the rules and protocols for the Interim Rule and Final Rule. (Dkt. 1.) Plaintiffs argue these violations

have resulted direct and concrete injuries to them as owners or lessees of real property that has been subjected to regulation and quarantine as a result of the Defendants' action. (Dkt. 28 at 5-6.)

The Court finds, for purposes of this Motion, that Plaintiffs have alleged facts which, if true, show they have standing to bring their APA challenges. The Plaintiffs have alleged direct and concrete injuries to their interests in certain real property which has been subjected to the federal Defendants' regulations. When construing the Complaint in the light most favorable to the Plaintiffs and taking the allegations as true, the regulations were adopted and implemented in violation of procedural requirements – the notice and comment procedures – resulting in the Plaintiffs' lands, or interests in lands, being improperly restricted or quarantined which caused damages to the Plaintiffs. These allegations are sufficient for standing. The contention being that the federal Defendants' failure to follow the notice and comment procedures resulted in "undefined," "ad hoc," and changing protocols and regulations which are impossible for Plaintiffs to satisfy in order to avoid the restrictions and/or quarantine of their fields. (Dkt. 1 at ¶¶ 60, 62 73-74, 85-88.) The notice and comment requirements, which is the basis of the Plaintiffs' standing, are designed to ensure accountability in the process so as to protect against such a result. For these reasons, the Court finds Plaintiffs have shown a concrete and particularized injury in fact. Additionally, the Court finds that the alleged injury satisfies the relaxed causation and redressability requirements. Accordingly, the Motion to Dismiss the APA based claims for lack of standing is denied.

**ORDER- 7**

### 2.     FACA Claim

Claim Four alleges APHIS violated the nondiscretionary FACA duties and procedures required for utilizing an advisory committee – the Technical Working Group. (Dkt. 1 at ¶¶ 119-127.) The federal Defendants argue the Plaintiffs lack standing to use FACA to invalidate the Final Rule or survey protocol because the FACA only allows for prospective relief. Plaintiffs' response clarifies that their FACA claim does not seek to invalidate the Final Rule but, instead, asks for prospective relief precluding future reliance on the advisory committee's advice, recommendations, or reports. (Dkt. 28 at 7.) Defendants acknowledge this form of relief is available under FACA. (Dkt. 31 at 4, n. 3.) Therefore, the Motion is denied on this basis.

### B.     Failure to State a Claim

The federal Defendants argue Claims One through Three and Claim Seven of the Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 26.) Plaintiffs maintain the Complain states plausible, viable claims for relief based on the federal Defendants' alleged violations of the APA and Tenth Amendment. (Dkt. 28.)

### 1.     Claims One, Two, and Three: APA Claims

The first three Claims generally allege the federal Defendants acted arbitrarily and capriciously in violation of the APA with regard to their adoption, issuance, and application of the Final Rule and protocols. (Dkt. 1.) A plaintiff may challenge an agency action under the APA by showing that it was "arbitrary, capricious, an abuse of discretion or otherwise

ORDER- 8

not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2). Although a review of an APA claim on the merits looks to the administrative record, an APA claim is not insulated from the Federal Rules of Civil Procedure regarding pleading standards and dismissal. *Wilhelm v. United States Dept. of Navy Bd. for Corr. of Naval Records, et al.*, 2:15-CV-0276-TOR, 2016 WL 740447, at *4 (Feb. 24, 2016) (citing *Envtl. Prot. Info. Ctr. v. Simpson Timber Co.*, 255 F.3d 1073 (9th Cir. 2001) (affirming district court's 12(b)(6) dismissal of plaintiff's APA claim for failure to state a claim); *Villegas v. United States*, 926 F. Supp. 2d 1185, 1206-07 (E.D. Wash. 2013) (finding the plaintiff's APA claim insufficient under Rule 8's pleading standards)).

### a.    Claim One: The Final Rule

Plaintiffs' challenge that the issuance of the Final Rule violates the APA's notice and comment requirement because it was substantially different from the Interim Rule with regard to the protocol for removal of an infested field from quarantine and was issued without: 1) notification in the Federal Register, 2) providing public comment on the draft Final Rule, and 3) publishing at least thirty days prior to its effective date. (Dkt. 1 at ¶ 104) (Dkt. 28 at 10.) Defendants argue APHIS followed the requisite procedures when it promulgated and issued the Final Rule. (Dkt. 26.)

With some exceptions, the APA requires an agency to follow "notice and comment" procedures before issuing final rules. Those procedures generally require agencies to: (1) publish a notice of the proposed rule-making in the Federal Register, (2) provide a period for interested persons to comment on the proposed rule, which will be considered by the agency

prior to adopting the rule and (3) publication of the final rule in the Federal Register. 5

U.S.C. § 553. The APA notice and comment requirements do not, however, apply:

> (A) to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice; or (B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

5 U.S.C. § 553(b)(A) & (B). The Ninth Circuit has held that exceptions to the notice and

comment requirements "will be 'narrowly construed and only reluctantly countenanced.'"

*Alcaraz v. Block*, 746 F.2d 593, 612 (9th Cir. 1984).

The standard for this Motion requires that the Court construes the allegations in the

Complaint as true and in the light most favorable to the Plaintiffs. In doing so, the Court

concludes that the Complaint has stated a plausible claim with regard to the procedural

challenge to the issuance and promulgation of the Final Rule. The allegations in the

Complaint include the federal Defendants' failure to comply with the APA's procedural

requirements with regard to the Final Rule's undisclosed protocol for removing a field from

regulation or quarantine by the APHIS. (Dkt. 1 at ¶¶ 59-60.) Taking these allegations as true,

Plaintiffs have raised a plausible claim that the federal Defendants failed to satisfy the APA's

procedural requirements with regard to the Final Rule. The Court has reviewed and

considered the federal Defendants' more substantive arguments – i.e., that they complied

with the requisite procedures – and the Court agrees with Plaintiffs that those contentions are

more appropriate for a later substantive motion. The Motion is denied on this claim.

**ORDER- 10**

### b.   Claims Two and Three: Adoption & Application of the Protocols

The Complaint alleges the APHIS failed to comply with the requisite procedures for adopting and applying agency protocols in violation of the APA. (Dkt. 1 at ¶¶ 107-118.) Specifically, that the adoption of "ad hoc" protocols, the Canada and United States Guidelines, and the recommendations of the Technical Working Group all have a binding effect on the APHIS and, therefore, require compliance with the APA's notice and comment procedures. (Dkt. 1 at ¶¶ 107-113.) Further, the Complaint alleges APHIS's application of the adopted protocols is arbitrary and capricious. (Dkt. 1 at ¶¶ 114-118.) Defendants respond that these claims fail to allege with specificity what protocols are being challenged and that they acted arbitrarily and capriciously. Defendants further contend the APA's formal notice and comment procedures were not required for adoption of the protocol because it is a general statement of policy. (Dkt. 26 at 15-16.)

Again, taking the allegations in the Complaint as true, the Court finds the Plaintiffs have alleged plausible claims for relief under the APA with regard to their challenges made against the APHIS's adoption and application of PCN protocols. The allegations, at this stage, are sufficiently specific to give notice as required by Rule 8. Given the nature of the claims, that APHIS has not revealed its protocols and has repeatedly changed its enforcement conditions, the Plaintiffs cannot be more specific in their allegations. The claims also sufficiently allege the Defendants acted arbitrarily and capriciously in violation of the APA.

Agencies must satisfy the APA's notice and comment process when engaged in "rule making," which is to say when they are "formulating, amending, or repealing a rule." 5 U.S.C. §§ 551(5), 553; *see also Perez v. Mortgage Bankers Ass'n*, 135 S.Ct. 1199, 1203-04 (2015); *Hemp Industries Ass'n v. Drug Enforcement Admin.*, 333 F.3d 1082, 1087-88 (9th Cir. 2003). "Rules" triggering the notice and comment process are referred to as "'legislative rules' because they have the 'force and effect of law.'" *Perez*, 135 S.Ct. at 1203. The notice and comment process does not, however, apply to interpretive rules or general statements of policy. 5 U.S.C. § 553(b). The parties in this case dispute whether the protocols in play are general statements of policy, and thus not subject to the APA procedures, or legislative rules to which the APA procedures apply. (Dkt. 26 at 15-16) (Dkt. 28 at 15.) Resolving that dispute goes beyond the scope of this Motion.[4] At this stage, the Court concludes the Complaint has plead allegations sufficient to state plausible claims under the APA. The Motion to Dismiss is denied on this claim.

## 2.    Claim Seven: Tenth Amendment

The seventh Claim alleges a violation of the Tenth Amendment. The federal Defendants argue this claim fails because the Final Rule does not coerce state government nor commander state officials. (Dkt. 26 at 19.) Plaintiffs counter that the allegations in the Complaint are sufficient to state a claim. (Dkt. 28 at 18.) Specifically, Plaintiffs maintain

---

[4] This ruling also applies to the parties' dispute on the question of whether the Plaintiffs' claims are challenging the APHIS's day-to-day actions, which are not subject to the APA's notice and comment procedure, and whether the APHIS's action is entitled to deference. (Dkt. 26 at 17), (Dkt. 31 at 7, n. 4), (Dkt. 31 at 8, n. 6.)

they have alleged that the federal Defendants have coerced the state of Idaho into adopting

and enforcing the Final Rule in violation of the Tenth Amendment.

The Tenth Amendment reads: "The powers not delegated to the United States by the

Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to

the people." U.S. CONST. AMEND. X. The Amendment's purpose is to "allay fears that the

new national government might seek to exercise powers not granted, and that the states might

not be able to exercise fully their reserved powers." *United States v. Darby*, 312 U.S. 100,

124 (1941). Under the Tenth Amendment, "Congress may not simply commandeer the

legislative process of the States by directly compelling them to enact and enforce a federal

regulatory program." *New York v. United States*, 505 U.S. 144, 161 (1992) (internal quotation

omitted). "The commandeering cases involve attempts by Congress to direct states to

perform certain functions, command state officers to administer federal regulatory programs,

or to compel states to adopt specific legislation." *Raich v. Gonzales*, 500 F.3d 850, 867 n. 17

(9th Cir. 2007). "The touchstone of a Tenth Amendment 'commandeering' violation is not

that federal action regulates individual behavior, but that it directly compels a state to take

a specific action." *United States v. Norton*, No. CR07-0683 DLJ, 2010 WL 2757033, at *2

(N.D. Cal. July 9, 2010) (citing *Raich*, 500 F.3d at 866). Whether a regulation amounts to a

compulsion is a question of degree. *Id.* (citing *Charles C. Steward Mach. Co. v. Davis*, 301

U.S. 548, 590 (1937)).

Plaintiffs argue the Complaint alleges a plausible claim for violation of the Tenth

Amendment in that the Final Rule threatens to quarantine the entire state if the state does not

adopt and implement the federal regulations concerning interstate movement of crops. (Dkt. 28 at 18-19.) Paragraph 55 alleges:

> Pursuant to the Final Rule, the Administrator of APHIS will designate an entire State as quarantined unless the Administrator determines that the State has adopted restrictions on the intrastate movement of regulated articles that are equivalent to the interstate requirements promulgated by APHIS.

(Dkt. 1 at ¶ 55.) Forcing the state to choose between adopting the federal regulations as its own or facing a statewide quarantine, Plaintiffs maintain, is sufficient to allege coercion in violation of the Tenth Amendment. The federal Defendants counter that the Final Rule comports with the requirements of the Tenth Amendment in that it neither coerces the state nor commandeers state officials. (Dkt. 31 at 9.)

At this stage, the Court finds the Complaint has alleged facts which make up a plausible claim for violation of the Tenth Amendment. The allegations present a plausible claim that the state's alternative choice to implementing the federal regulatory program – statewide quarantine – offends the Constitution's guarantees of federalism. *See Envtl. Def. Ctr., Inc. v. EPA*, 344 F.3d 832, 847 (9th Cir. 2003). The Motion is denied as to Claim Seven.

## II.     State Defendants' Motion to Dismiss

The state Defendants' Motion to Dismiss is made under Federal Rules of Civil Procedure 12(b)(1), (6) arguing they are immune from suit under the Eleventh Amendment to the United States Constitution. (Dkt. 14.) Plaintiffs agree the ISDA should be dismissed but maintain their claim against Director Gould in her official capacity should go forward under the *Ex parte Young* exception. (Dkt. 19.) Alternatively, Plaintiffs request leave to

amend their Complaint should the Court grant the state Defendants' Motion to Dismiss. In reply, the state Defendants argue the *Ex parte Young* exception does not apply here because there is no allegation that Director Gould has violated or continues to violate federal law. (Dkt. 22.)

### A.      The Eleventh Amendment

The Eleventh Amendment prohibits federal courts from hearing lawsuits brought by citizens against state entities without the state's consent. *Nat. Resources Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).[5] The *Ex parte Young* exception, however, allows citizens to bring claims for declaratory and injunctive relief against state officials, sued in their official capacities, to enjoin ongoing violations of federal laws. *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000). The purpose of the Eleventh Amendment and the *Ex parte Young* doctrine is to protect the supremacy of federal law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104–06 (1984). In cases brought in federal court seeking to enjoin a state official from violating state law, the "need to promote the supremacy of federal law" underlying the *Ex parte Young* exception is absent and the Eleventh Amendment bars the suit. *Id.*; *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir. 2005) (stating *Ex parte Young* "allows prospective relief against state officers only to vindicate rights under federal law," and because the plaintiff sought to vindicate state law

_____

[5] The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI.

ORDER- 15

rather than federal law, the claim must be dismissed). Allowing a federal court to adjudicate state law claims as against the state itself "conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst*, 465 U.S. at 106; *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Indeed, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106.[6] The Court's supplemental jurisdiction under 28 U.S.C. § 1367 does not "abrogate state sovereign immunity for supplemental state law claims." *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006).

The parties here disagree over whether Director Gould's actions to enforce PCN regulations were violations of federal law or state law. Defendants contend the Complaint alleges only that Director Gould violated state law – i.e., the Idaho APA, Idaho PPA, and Idaho PCN Rules – not any federal law. (Dkt. 14, 22.) Plaintiffs assert the allegations in the Complaint are sufficient to satisfy Rule 8's notice pleading standard asserting claims against Director Gould raising violations of federal law. (Dkt. 19 at 10-12) (citing Dkt. 1 at ¶¶ 1, 3-6, 28, 75-80, 144.) Because Idaho's PCN Rules incorporate by reference the "unlawful" Federal PCN Rules, Plaintiffs argue, Director Gould's enforcement of Idaho's PCN Rules violates

---

[6] "A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law ... it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* ... [is] inapplicable in a suit against state officials on the basis of state law." *Pennhurst*, 465 U.S. at 106.

ORDER- 16

federal law. (Dkt. 19.)[7] Plaintiffs maintain their claims against Director Gould seek to stop her enforcement of Idaho's PCN Rules which is "little more than her enforcement of the unlawful Federal PCN Rules." (Dkt. 19 at 2.)

Defendants dispute the Plaintiffs' position, arguing any incorporation of the federal rules does not also mean Director Gould violated federal law by enforcing the state PCN Rules. Even if the Federal PCN Rules are set aside, Defendants argue, the validity and enforceability of Idaho's PCN Rules remains a question of state law, not federal law. Defendants also contend the federal APA does not apply to state officials and, therefore, cannot make up the basis for allegations that Director Gould violated federal law. (Dkt. 22 at 6.)

To the extent the claims against Director Gould ask this Court to grant declaratory and injunctive relief against a state official on the basis of conduct allegedly violating state law, the claims are barred by the Eleventh Amendment. A federal court cannot instruct state officials on how to conform their conduct to state law as it directly conflicts with the principles of federalism that underlie the Eleventh Amendment. *See Pennhurst*, 465 U.S. at 106.

Under *Ex parte Young*, the Plaintiffs' claims are not barred by the Eleventh Amendment if they are brought against a state official acting in violation of federal law. *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Pennhurst*, 465 U.S. at 102. To determine

---

[7] The Federal PCN Rules are what has also been referred to in this Order and the Complaint as the "Final Rule," 74 Fed. Reg. 19374-82 (Apr. 29, 2009), and codified at 7 C.F.R. §§ 301.86-301.89.

whether the *Ex parte Young* doctrine applies, the Court must consider whether the complaint alleges an ongoing violation of federal law and seeks prospective relief. *ACS of Fairbanks, Inc. v. GCI Communication Corp.*, 321 F.3d 1215, 1216-17 (9th Cir. 2003) (internal citations omitted). In addition, the officer sued must have some connection with the enforcement of the act. *See Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998). The connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provisions will not subject an official to suit." *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

Defendants acknowledge that Director Gould has some connection with Idaho's PCN rules as ISDA is charged with administering Idaho's PPA upon which Idaho's PCN Rules were promulgated. (Dkt. 22 at 3.) The claim raised against Director Gould in the Complaint does not, however, fall within the *Ex parte Young* exception because it alleges her enforcement of the Idaho PCN Rules is in violation of state law. That is to say, Plaintiffs' claim asks this federal Court to enjoin a state actor, Director Gould, from acting under and in violation of state law; i.e., the Idaho APA and Idaho PPA. The *Ex parte Young* exception does not apply to suits based on state law against state officials.

As the Supreme Court explained in *Pennhurst*, courts engage in the fiction of allowing suits to proceed against state officials in their official capacities because Eleventh Amendment immunity must be reconciled with the constitutional command to maintain the supremacy of federal law. *Pennhurst*, 465 U.S. at 105. It is this federalism concern that prompted courts to allow suits for prospective relief based on federal law to proceed against

**ORDER- 18**

state officials in federal court. When the allegedly illegal official conduct violates only state law, however, the Supremacy Clause is not implicated and the Eleventh Amendment is a complete bar to the suit, regardless of the remedy sought. *Id.* at 106.

Plaintiffs' argue that a broad reading of the Complaint includes allegations of violations of federal law by Director Gould if she continues to enforce the Idaho PCN Rules because the federal Defendants and regulations have violated federal laws, the state rules and actions based upon those federal rules. (Dkt. 19 at 11-12.) The Court disagrees.

The Complaint alleges claims against Director Gould for failing to "comply with [her] legal obligations under the Idaho [PPA]..., Idaho [APA]..., and Idaho [PCN Rules]...." (Dkt. 1 at ¶ 3.) Jurisdiction for these claims is alleged under the Court's supplemental jurisdiction. (Dkt. 1 at ¶ 5.) The actions of the state alleged in the Complaint include the ISDA's involvement with APHIS to test deregulated fields including sending a formal notice to Plaintiff Mickelsen Farms that several of its fields were subject to regulation pursuant to Idaho's PCN Rules. (Dkt. 1 at ¶ 140.) The Sixth Claim alleges a violation of Idaho APA claim stating:

> Pursuant to Idaho Code § 67-5229(1)(a), significant portions of the Idaho PCN Rules incorporate or rely upon the Final Rule and APHIS's protocols by reference. Because the Final Rule and APHIS's protocols should be vacated and set aside, the portions of the Idaho PCN Rules incorporating or relying on the Final Rule or APHIS's protocols, in any way, should also be vacated and set aside.

**ORDER- 19**

(Dkt. 1 at ¶ 144.) Plaintiffs ask that the Court declare Director Gould's actions to be arbitrary and capricious, an abuse of discretion, in excess of the statutory authority of the agency, and not in accordance with law. (Dkt. 1, Complaint at 27, ¶ 3.) Further, Plaintiffs pray that the Court enjoin Director Gould from relying on or enforcing particular rules, protocols, guidelines, and recommendations. (Dkt. 1, Complaint at p. 27, ¶ 5.)

Even read broadly, these allegations seek relief for violations of state law made against a state official and, therefore, may not be raised in this Court pursuant to the Eleventh Amendment. *See Pennhurst, supra* and *Spoklie*, 411 F.3d at 1060 ("*Ex parte Young* allows prospective relief against state officers only to vindicate rights under federal law."). The principles of federalism require that Eleventh Amendment immunity apply to parallel state-law claims that plaintiffs might bring pursuant to federal courts' supplemental jurisdiction. *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) (28 U.S.C. 1367 "does not abrogate a state's constitutional immunity under the Eleventh Amendment from suit in federal court."). Therefore, the Court grants the state Defendant's Motion to Dismiss without prejudice as the Plaintiffs may be able to file their state law claims in Idaho State Court.

### B.    Leave to Amend

Plaintiffs seek leave to amend in the event the Court grants the state Defendants' Motion to Dismiss. (Dkt. 19.) Defendants contend such leave would be futile because the federal law violations alleged in the Complaint are inapplicable to Director Gould. (Dkt. 22.)

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R.

**ORDER- 20**

Civ. P. 15(a). Courts apply Rule 15 with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers five factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). These factors are not weighted equally: "futility of amendment alone can justify the denial of a motion" to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F .3d 1051, 1055 (9th Cir. 2009).

Leave to amend would be futile in this case. Director Gould's authority extends only to the enforcement of state rules and regulations within the scope of her agency, ISDA. Director Gould has no authority to enforce the federal rules and/or regulations which the Plaintiffs' claim violate federal law. No viable claim can be made against Director Gould in her official capacity for violating federal law based on her enforcement of state regulations. Plaintiffs cannot, therefore, state a claim against Director Gould for violation of federal law. The request for leave to amend is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1.      Federal Defendant's Motion to Dismiss (Dkt. 14) is **DENIED**.

2.      State Defendant's Motion to Dismiss (Dkt. 26) is **GRANTED WITHOUT PREJUDICE**.

ORDER- 21

    3.      Plaintiffs' request for leave to amend is **DENIED**.



DATED:  **March 11, 2016**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER- 22**