UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICKELSEN FARMS, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ANIMAL AND PLANT HEALTH INSPECTION SERVICE, *et al.*,<br><br>Defendants. | Case No. 1:15-cv-00143-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiffs, who are potato farmers in Eastern Idaho, seek declaratory and injunctive relief against the Federal Agency Defendants and individuals charged with administering the Pale Cyst Nematodes' quarantine program. Plaintiffs' claims arise under the Plant Protection Act; the Administrative Procedure Act; the National Environmental Policy Act; the Federal Advisory Committee Act; the Declaratory Judgment Act; and the Tenth Amendment to the United States Constitution.

The Federal Agency Defendants were required to compile the administrative record, and the parties were ordered to meet and confer about any disputes that arose once the record was filed. (Dkt. 43.) If disputes remained, the Court contemplated

addressing them upon timely motion. Before the Court is Plaintiffs' motion to resolve the administrative record disputes. (Dkt. 52.) The Plaintiffs' motion seeks the following:

(1) Supplementation of the Administrative Record (AR) with nine documents that APHIS omitted from the AR and that Plaintiffs claim are necessary to provide the Court with a complete record on which to consider the validity of the Farmers' complaint and APHIS's defenses;

(2) A Court order addressing APHIS's refusal to submit to the Farmers a privilege log justifying APHIS's claim of deliberative process privilege claimed to approximately thirty documents and any other privileges APHIS may be asserting over other documents it has withheld; and

(3) Supplementation of the AR with ten documents that support the Farmers' Tenth Amendment claim.

The Court conducted a hearing on April 24, 2017, at which the parties appeared and presented oral argument. Thereafter, the Court took the matter under advisement. Based upon the parties' arguments and relevant authority, the Court will grant Plaintiffs' motion in part, and deny it in part, as explained below.

## ANALYSIS

**1.    Supplementation of the Administrative Record**

When reviewing agency decisions, the Court is limited to reviewing the closed administrative record, with few exceptions. C*tr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006). Parties may not use "post-decision information as a new rationalization either for sustaining or attacking the Agency's

decision." *Ass'n of Pac. Fisheries v. EPA*, 615 F.2d 794, 811–12 (9th Cir. 1980). The four instances where extra-record materials will be considered include:

> (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision,
> (2) when the agency has relied on documents not in the record, or
> (3) when supplementing the record is necessary to explain technical terms or complex subject matter, [or] ...
> (4) when plaintiffs make a showing of agency bad faith.

*Ctr. for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (internal citations omitted). Plaintiffs bear the burden of establishing that the extra record evidence falls within at least one of the four exceptions. *City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1116 (9th Cir. 2009).

The reviewing court can go outside the administrative record but should consider such evidence relevant to the substantive merits of the agency decision only for the limited purpose of background information or to determine whether the agency considered all pertinent factors. *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). The whole administrative record "is not necessarily those documents that the agency has compiled and submitted as 'the' administrative record." *Thompson*, 885 F.2d at 555 (quoting *Exxon Corp. v. Dept. of Energy*, 91 F.R.D. 26, 32 (N.D. Tex.1981) (emphasis in original)). "The 'whole' administrative record, therefore, consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson*, 885 F.2d at 555 (quoting *Id*. at 33 (emphasis added)).

The Farmers raise the issue of impropriety on the grounds APHIS made multiple modifications to the AR. However, those changes came at the Farmers' request. The Court declines to find any impropriety in the compilation of the AR based upon the parties' cooperative review of the administrative record.

APHIS argues the nine documents the Farmers seek to include in the AR were not considered by it when it determined to monitor the Farmers' deregulated fields.[1] However, the Court disagrees that certain records should not be included in the AR for the reason APHIS asserts. The complaint generally discusses the rulemaking process and the regulations governing the PCN eradication efforts related to the Farmers' fields. Those regulations, and the PCN program in Idaho, provide the backdrop against which the Farmers assert their claims in this action.

Exhibits B1 and B2 are general reports describing the PCN program, activities conducted pursuant to the program, and other information pertinent to APHIS's regulatory activities in Idaho. Further, Exhibit B1 was authored by defendant Brian Marschman, while Exhibit B2 likely would have been reviewed by defendant Tina Gresham, the director of the PCN eradication program in Idaho Falls, Idaho. The Farmers have put forth a plausible argument that these two documents were generated during the process for arriving at APHIS's regulatory decisions related to the Farmers' fields.

Exhibits B3 and B4 are directly related to specific acreage in eastern Idaho placed under quarantine in February of 2012, and January of 2013, pursuant to the regulations at

---

[1] APHIS agreed to add Exhibit B9, an email exchange among APHIS personnel, discussing the deregulation of associated fields no longer in potato production.

issue in this case. The Farmers argue these notices would have been considered during the decision making process for determining the regulations imposed upon the Farmers. Again, the Farmers have put forth a satisfactory explanation of why this document would have been considered during APHIS's process for arriving at its decision to regulate the Farmers' fields.

Exhibit B5 is an e-mail string among APHIS and State agency personnel, and defendant Tina Gresham, the Director of the PCN program in Idaho, is an author. In the email, Ms. Gresham describes the process for deregulation, and discusses certain survey results from the spring of 2012. Considering this email was authored and received by PCN program participants, and describes the deregulation process, the Farmers have offered a satisfactory explanation demonstrating that the email, and the information contained within it, would have been considered by APHIS during its decision making process in this matter.

Exhibit B7 is a PCN program information update dated November 9, 2010, discussing the activities of the PCN eradication program and the sampling that occurred. Exhibit B8 provides public information regarding the PCN program in Idaho. Both documents provide general information pertinent to APHIS's regulatory activities in Idaho, and both were originally part of the AR prior to their removal by APHIS. The Farmers therefore have offered sufficient ground for their belief that the document was considered by the decision makers.

Exhibit B6, in contrast, was created on February 13, 2015, after the activities complained of in the complaint and pursuant to a FOIA request. The complaint seeks

relief related to APHIS' activities between 2011 and 2014, while the letter discusses activities outside that time frame, such as sampling rates currently used, or discusses program activities and costs in general terms. Because of the nature of the document, the Farmers cannot establish that the February 13, 2015 letter was "considered by the decision makers" at the time APHIS was conducting its regulatory activities in relation to the Farmers' fields. The motion will be denied as to Exhibit B6.

And Exhibit B10, consisting of invoices of ten vendors which the Farmers insist were delivered to APHIS, was not considered by APHIS because APHIS asserts it does not possess these records with the Exhibit. APHIS could not have considered records it contends it does not possess, even if the Farmers are correct in their assertion that the records were delivered to APHIS. The motion will be denied as to Exhibit B10.

Accordingly, Exhibits B1 – B5 and B8 constitute materials considered by APHIS, either directly or indirectly, because they include information regarding the PCN eradication program. Consequently, they are properly part of the administrative record, and the Court may consider them in determining whether the Agency's action was arbitrary and capricious or unsupported by substantial evidence.

## 2. Privilege Log

The Farmers argue that the Federal Agency Defendants are withholding thirty documents[2] on the basis of the deliberative process privilege, and have done so without producing a privilege log. The Federal Agency Defendants argue they are not required to

---

[2] The parties explained there was an email exchange disclosing to the Farmers that APHIS was withholding thirty documents.

compile a privilege log, and that privileged materials are not part of the administrative record in APA cases in any event. They rely upon an unpublished Ninth Circuit Court of Appeals opinion, *Cook Inletkeeper v. U.S. Env. Protection Agency*, 400 Fed. Appx. 239 (9th Cir. 2010), as support for their contention that the Ninth Circuit has addressed the question whether there is a legal obligation to compile and produce a privilege log in APA cases, and has found in the negative.

The court in *Cook Inletkeeper* denied the plaintiff's motion to supplement, along with an accompanying motion to compel a privilege log, without any comment regarding the issue before this Court. 400 Fed. Appx. 240.[3] The Court therefore does not find *Cook Inletkeeper* persuasive, or representative of the Federal Agency Defendants' position here.

There are two diverging views among district courts that have considered whether agency defendants have a legal obligation to produce a privilege log in an administrative record case. In *Gill v. Dept. of Justice*, 2015 WL 9258075 at *7 (N.D. Cal. Dec. 18, 2015), the district court commented there is no binding Ninth Circuit authority standing for the proposition that, in an APA action, an agency may withhold documents on the basis of privilege without providing a privilege log. The court held the defendants must make a specific showing establishing the application of a privilege for each document it contends it may withhold based on privilege. *Id.* (citing *Ctr. Of Biological Diversity v.*

---

[3] In *Cook*, the court first considered the plaintiff's motion to supplement the administrative record. The court found the plaintiffs had not presented clear evidence that the defendants considered the documents at issue. *Id.* Without any additional comment, the court simply denied the motion to supplement "along with the accompanying motion to require preparation of a privilege log." *Id.*

**MEMORANDUM DECISION AND ORDER - 7**

*U.S. Bureau of Land Mgt.*, 2007 WL 3049869, at *6 (N.D. Cal. Oct. 18, 2007) (finding in camera review of purportedly privileged documents appropriate despite declaration formally asserting the deliberative process privilege and explaining the bases for those assertions)). The Court notes, however, that in *Gill*, the court found the plaintiffs rebutted the presumption of completeness with regard to their motion to supplement the administrative record.

On the other side of the coin is *San Luis & Delta-Mendota Water Authority v. Jewell*, 2016 WL 3543203, at *19 (E.D. Cal. June 23, 2016). While acknowledging *Gill*, the court relied upon other district court opinions that reasoned, because deliberative process documents are not part of the administrative record, the agency withholding the privileged documents is not required to produce a privilege log. *Id.* The court explained requiring a privilege log as a matter of course would contravene the standard presumption that the agency properly designated the administrative record. *Id.* Absent a "significant showing that the agency has acted in bad faith," the court declined to require production of a privilege log. *Id.*

In support of their argument, the Farmers cited to recent federal cases involving other agencies within the Department of Agriculture where the agency defendant produced a privilege log in conjunction with the administrative record. *See, e.g.*, *Western Watersheds Project v. Cardinale*, Case No. 1:16-cv-00083-BLW.[4] Such actions are

---

[4] At the hearing, the Farmers provided the Court with a one-inch thick stack of paper comprising a 308-page privilege log acquired in connection with the Greater Sage-Grouse Litigation. The Court has lodged the document as an Exhibit in this case with the Clerk of the Court.

seemingly inconsistent with the Federal Agency Defendants' position here, wherein they argue that it may, if it wishes to do so, voluntarily produce a privilege log, but that it may not be compelled to do so by the Court. They cite to several court decisions within the D.C. Circuit to support their argument.

There is no clear authority within the Ninth Circuit for guidance. However, the Court finds that production of privilege logs by agency defendants in other administrative record cases undercuts the Federal Agency Defendants' position here. While the Court acknowledges the distinction between a voluntary act and one that is compelled, the Court is also mindful of its role, as well as the parties' obligation, to ensure documents are legitimately withheld from the administrative record on the basis of the deliberative process privilege.

The Court will therefore require production either of a privilege log, or submission of the thirty documents to the Court for in camera review.

3. **Tenth Amendment Claim Documents**

The Farmers contend APHIS's Final Rule, which requires the designation of the entire State of Idaho as quarantined unless Idaho adopts and enforces APHIS's regulations on the intrastate movements of the regulated articles, violates the Tenth Amendment because it coerces the State of Idaho to adopt and enforce APHIS's regulatory program. Under the Tenth Amendment, "the Federal Government may not compel States to implement, by legislation or executive action, federal regulatory programs." *Envtl. Def. Ctr., Inc. v. E.P.A.*, 344 F.3d 832, 847 (9th Cir. 2003) (quoting *Printz v. United States*, 521 U.S. 898, 925 (1997)). Similarly, the federal government may

not force the States to regulate third parties in furtherance of a federal program. *Id.*

The Farmers seek to add ten documents that allegedly constitute evidence of APHIS's coercion of the State of Idaho, which they assert are relevant to their claim of coercion. The Federal Agency Defendants oppose introduction of the documents as part of the record before the Court, on the grounds that the Farmers' Tenth Amendment claim presents a legal argument, for which no evidentiary record is necessary. Both parties wish for the Court to determine the issue now, instead of considering motions to strike filed with the parties' respective summary judgment motions.

The Court finds these ten documents are not properly included in the administrative record, but constitute independent evidence the Court may consider at an appropriate stage in this litigation. *See, e.g., City of Tombstone v. United States*, 2015 WL 11120851 (D. Ariz. Mar. 12, 2015) (finding Tombstone pointed to no evidence it was coerced to enforce or enact federal legislation, suggesting the court can consider other evidentiary materials). Further, several documents are public records. *See, e.g.*, Ex. E5 (Notice of Rulemaking IDAPA 02). Although declining to require the proposed documents be included in the AR, the Court does not foreclose their later consideration.

Accordingly, the parties may not file motions to strike any of these ten documents in connection with their summary judgment motion. They may, however, advance arguments within their respective briefs whether the documents are relevant to their claims or defenses. Judge Lodge may then exercise his discretion to consider the documents in connection with the Farmers' Tenth Amendment claim.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion to Resolve Administrative Record Disputes (Dkt. 52) is **GRANTED IN PART AND DENIED IN PART**.

2) The Federal Agency Defendants must either provide a privilege log to the Plaintiffs or lodge the 30 documents withheld as privileged with the Court for in camera review on or before June 2, 2017.

DATED: May 17, 2017

_____
Honorable Candy W. Dale
United States Magistrate Judge