UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICKELSEN FARMS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANIMAL AND PLANT HEALTH INSPECTION SERVICES, et al.,<br><br>Defendants. | Case No. 1:15-cv-00143-EJL-CWD<br><br>**ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is a Motion for Leave to File an Amicus Brief submitted by the Idaho State Department of Agriculture. (Dkt. 92.) The Motion is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided on the record before this Court without oral argument.

## STANDARD OF LAW

The function of an amicus curiae is to call the Court's attention to law, facts, or circumstances in a matter then before it that may otherwise escape its consideration and to aid the court on questions of law. 4 AM. JUR. 2D *Amicus Curiae* § 6 (2002). The extent and manner of an amicus curiae's participation is entirely within the Court's discretion and will be heard only upon a grant of leave from the Court. 4 AM. JUR. 2D *Amicus Curiae* § 3

(2002). Courts generally consider whether the amicus curiae's proffered information is timely, useful, and/or there are potential ramifications to legal issues or parties beyond those presently before the court. *Idaho v. Coeur d'Alene Tribe*, No. 2:14-cv-00170-BLW, 2014 WL 2218329, at *1 (D. Idaho May 29, 2014). "[L]eave to file an amicus brief should be denied unless a party is not represented competently or at all, a decision in the present case may affect the interest of the amicus in another case in which he has an interest, or the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Allison v. American Dental Ass'n*, No. 2:12-cv-00160-CWD, 2012 WL 4419120, at *2 (D. Idaho Sept. 24, 2012) (citations and quotations omitted).

## DISCUSSION

Plaintiffs brought this action against the Animal and Plant Health Inspection Service (APHIS) and the Idaho State Department of Agriculture (ISDA) alleging violations of various federal and state statutes with regard to the Defendants' implementation of certain rules and regulations designed to contain the spread of pale cyst nematode (PCN) in Idaho. (Dkt. 1.) The Court previously dismissed ISDA from the case. (Dkt. 35.) The remaining parties have filed cross Motions for Summary Judgement which are pending before the Court. (Dkt. 75, 84.) The briefing on those Motions include arguments concerning the Tenth Amendment and ISDA's involvement with APHIS in implementing the rules and regulations in question. ISDA seeks to weigh in on those issues concerning its "cooperative relationship" with APHIS, the Tenth Amendment, provide relevant background, and to offer ISDA's perspective on the same. (Dkt. 92.) Defendants do not oppose the Motion.

(Dkt. 92 at 3, n. 1.) Plaintiffs have filed an opposition to the Motion arguing the interests of the federal Defendants are competently represented without ISDA' brief; the ISDA has not identified another case where its interests could be affected by the outcome in this case; the proposed brief offers no unique information or perspective to the Court; and the motion is untimely. (Dkt. 93.)

Having reviewed the Motion, the briefing on the Motions for Summary Judgment, and the entire record herein, the Court denies the Motion. The ISDA's proposed amicus curiae brief concerning the Tenth Amendment does not provide any information or argument not already contained in the summary judgment briefing and/or in the Administrative Record. The position expressed by the ISDA as to the Tenth Amendment Claim in the proposed amicus curiae brief is essentially the same as that already argued by the Defendants. Further, the Motion is untimely as it was filed after the briefing on the cross-Motions for Summary Judgment was completed. The proposed amicus curiae briefing is therefore not useful nor timely. The Motion is denied. (Dkt. 92.)

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion for Leave to File an Amicus Brief (Dkt. 92) is **DENIED**.



DATED: March 20, 2018

_____
Honorable Edward J. Lodge
United States District Court