UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICKELSEN FARMS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANIMAL AND PLANT HEALTH INSPECTION SERVICE, et al.,<br><br>Defendants. | Case No. 1:15-cv-00143-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Defendants' Motion for Reconsideration. (Dkt. 96.) The responsive briefing has been filed and the matter is ripe for the Court's consideration. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided on the record without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this action against the Animal and Plant Health Inspection Service (APHIS) and the Idaho State Department of Agriculture (ISDA) alleging violations of various federal and state statutes with regard to the Defendants' issuance and

**ORDER - 1**

implementation of the Interim Rule and Final Rule which provided regulations for the designation and quarantining of potato fields in Idaho where Pale Cyst Nematode (PCN), *Globodera Pallida*, was detected in the soil as well as Deregulation Protocols. (Dkt. 1.)[1] Specifically, Plaintiffs raise claims under the Administrative Procedure Act (APA), 5 U.S.C. §§ 553, 701-706; the Plant Protection Act (PPA), 7 U.S.C. §§ 7701 and 7786; the Federal Advisory Committee Act (FACA), 5 U.S.C. App. II, §§ 1-16; the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-70; and the Tenth Amendment of the United States Constitution.

On March 20, 2018, the Court granted in part and denied in part the parties' Cross-Motions for Summary Judgment. (Dkt. 95.) Defendants' Motion for Reconsideration requests review of a portion of the summary judgment Order pursuant to Federal Rules of Civil Procedure 59 and 60. (Dkt. 96.)

## STANDARDS OF LAW

Federal Rule of Civil Procedure Rule 59 provides a means whereby the Court may order a new trial or alter or amend a judgment. Fed. R. Civ. P. 59. The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d

---

[1] The state Defendants and certain individually named Defendants have been dismissed. (Dkt. 35, 47.)

734, 740 (9th Cir. 2001) (applying reconsideration to a Rule 59 motion to alter or amend a judgment); *see also School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (denying a Rule 59 motion to reconsider a summary judgment ruling). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263. Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has stated that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute [her] case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable

time and no later than one year after entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

## DISCUSSION

Defendants seek reconsideration of the Court's Order on summary judgment asking that the relief afforded to Plaintiffs on their FACA claim be limited to only prospective relief. (Dkt. 96.) Plaintiffs oppose the Motion arguing the relief ordered by the Court on the FACA claim is consistent with the applicable law. (Dkt. 97.)

The Court granted summary judgment in favor of Plaintiffs on their FACA claim concluding the Technical Working Group (TWG) "was a formal FACA advisory committee established and utilized by APHIS" and Defendants failed to show they had complied with FACA's procedural requirements. (Dkt. 95.) Accordingly, the Court ordered:

> Defendants shall make available, at Plaintiffs' request, all past recommendations and/or information produced by TWG. Plaintiffs shall be afforded a reasonable opportunity to review the past materials and comment and/or challenge the past recommendations and/or information as well as to challenge the rules and protocols adopted based upon TWG's past recommendations. Defendants shall provide an appropriate response and, if necessary, reopen discussions on the rules and protocols, or issue new rules/protocols incorporating and addressing Plaintiffs' comments and/or challenges to the past materials.
>
> As to future agency actions, Defendants are prohibited from relying on any past recommendations and/or findings of TWG. *Idaho Wool Growers*, 637 F.Supp.2d at 880. If TWG, or any other advisory committee, is assembled in the future to provide recommendations concerning the PCN protocols, Defendants are hereby ordered to comply with FACA's procedural requirements in every respect.

(Dkt. 95.)

The Court has reviewed its decision in light of the briefing on the Motion for Reconsideration and finds the Motion is well taken. The language quoted above appears to mistakenly grant retrospective relief on the FACA claim. There is no dispute in this case, however, that the relief sought and available on the FACA claim is limited to prospective relief. (Dkt. 1, 26, 28, 31, 35, 95.) In fashioning the relief on the FACA claim, the Court intended for it to be limited to precluding the Defendants from future reliance on the advice, recommendations, and/or reports generated by the TWG. (Dkt. 95.) The Order does, however, inadvertently appear to allow Plaintiffs to challenge past agency actions, rules, or protocols. The Court, therefore, grants Defendants' Motion for Reconsideration and clarifies that the relief awarded to Plaintiffs on the FACA claim is limited to prospective relief – that is to say, Plaintiffs may only challenge future agency decisions, actions, rules, or protocols.

Defendants are prohibited from relying on any past recommendations and/or findings of the TWG in any future agency decisions or actions. *See Idaho Wool Growers Assoc. v. Schafer*, 637 F.Supp.2d 868 (D. Idaho 2009) and *as clarified by Idaho Wool Growers Assoc. v. Schafer*, No. CV 08-394-S-BLW, 2009 WL 3806371 (D. Idaho Nov. 9, 2009). Plaintiffs may challenge future agency actions and/or decisions but cannot retrospectively challenge any agency actions or decisions pre-dating the Court's Order on summary judgment including the Interim

and Final Rules as well as the PCN Protocols/Program or its implementing rules and regulations. *Id.*

The Defendants are still directed to make past TWG materials available to the Plaintiffs. In so ordering, the Court is not affording Plaintiffs the ability to retrospectively challenge any prior rules, recommendations, regulations, decisions, or protocols. This relief instead advances FACA's purpose of transparency and public participation as to future agency decisions by providing Plaintiffs with the information provided to and used by the agency from TWG so as to ensure that those past materials are not relied upon, either intentionally or unintentionally, in the future.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration (Dkt. 96) is **GRANTED** as stated herein.

DATED: September 6, 2018

Honorable Edward J. Lodge
U.S. District Judge