UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICKELSEN FARMS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANIMAL AND PLANT HEALTH INSPECTION SERVICES, et al.,<br><br>Defendants. | Case No. 1:15-cv-00143-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court in the above entitled matter is Plaintiff, Mickelsen Farms, LLC's, Motion for Award of Attorney Fees and Other Expenses Under the Equal Access to Justice Act. (Dkt. 104.) The Motion has been fully briefed and is ripe for the Court's consideration. Having reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided on the record.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are a number of entities and individuals who farm potatoes in southeastern Idaho. In April of 2006, Pale Cyst Nematode (PCN), *Globodera Pallida*,[1] was detected in the soil of a number of fields that raised potato crops in eastern Idaho. As a result, the Animal and Plant Health Inspection Services (APHIS)[2] published an Interim Rule and later adopted a Final Rule which provided regulations for the designation and quarantining of fields in Idaho as well as Deregulation Protocols. The Idaho State Department of Agriculture (ISDA) adopted rules and procedures that parallel APHIS's and assisted APHIS in implementing its Interim and Final Rules.

The Plaintiffs filed this action against the federal and state Defendants challenging the issuance and implementation of the Interim Rule and Final Rule. (Dkt. 1.)[3] Specifically, Plaintiffs claimed the federal Defendants violated the Administrative Procedure Act (APA), 5 U.S.C. §§ 553, 701-706; the Plant Protection Act (PPA), 7 U.S.C. §§ 7701 and 7786; the Federal Advisory Committee Act (FACA), 5 U.S.C. App. II, §§ 1-16; the

---

[1] PCN is a pest of potato crops which can reduce the potato yields through root damage but poses no threat to human health.

[2] APHIS is a federal agency within the United States Department of Agriculture responsible for ensuring compliance with the federal statutes raised in this action.

[3] The named federal Defendants include APHIS; Kevin Shea, the Administrator of APHIS; Brian Marschman, the Idaho Plant Health Director for APHIS; Tina Gresham, Director of PCN Program for APHIS; and Tom Vilsack, the United States Secretary of Agriculture. The named state Defendants are ISDA and Celia R. Gould, the Director of ISDA. All of the individually named persons are being sued in their official capacities.

National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-70; and the Tenth Amendment of the United States Constitution. As to the state Defendants, the Plaintiffs claimed the ISDA failed to comply with its legal obligations under the Idaho Plant Pest Act (Idaho PPA), Idaho Code §§ 22-2001 to 22-2023; the Idaho Administrative Procedures Act (Idaho APA), Idaho Code §§ 67-5101 to 67-5292; and Idaho's Rules Governing the PCN (Idaho PCN Rules), IDAPA 02.06.10. In general, Plaintiffs claimed the state and federal Defendants' actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Plaintiffs requested vacatur of the Final Rule and Deregulation Protocols as well as declaratory and injunctive relief ending the quarantine and regulation of Plaintiffs' potato fields and prohibiting the agency from relying on the working group's recommendations in future agency decisions. (Dkt. 1 and Dkt. 85 at 5, n. 7.)

The Court granted the state Defendants' Motion to Dismiss. (Dkt. 35.) The parties stipulated to voluntary dismissal of the claims brought by certain of the plaintiffs. (Dkt. 47.) Thereafter, the remaining Plaintiffs and federal Defendants filed cross Motions for Summary Judgment. (Dkt. 75, 84.) The Court granted in part and denied in part each of the parties' Motions. (Dkt. 95.) Specifically, the Court found Plaintiffs waived two of their APA claims at summary judgment, granted Plaintiffs summary judgment on the FACA claim and the remaining APA claim, and granted summary judgment to the federal Defendants on the NEPA and Tenth Amendment claims. (Dkt. 95.) The Court remanded the matter to the agency with instructions directing the agency to make available, at Plaintiffs' request, all past recommendations and/or information produced by the working

ORDER - 3

group; prohibited defendants from relying on any past recommendations or findings of the working group; and directed the agency to comply with FACA's procedural requirements in the future. (Dkt. 95.)

Defendants filed a Motion for Reconsideration requesting review of a portion of the Court's Order on summary judgment asking to limit or clarify the relief granted to Plaintiffs. (Dkt. 96.) The Court granted the Motion and clarified that the relief afforded to Plaintiffs in its summary judgment ruling is limited to prospective relief on the FACA claim, stating that Plaintiffs "may only challenge future agency decisions, actions, rules, or protocols" but they "cannot retrospectively challenge any agency actions or decisions pre-dating the Court's Order on summary judgments…." (Dkt. 99.) The Court went on to state that "Defendants are prohibited from relying on any past recommendations and/or findings of the TWG in any future agency decisions or actions" and directed Defendants to make past TWG materials available to the Plaintiffs. (Dkt. 99.)

Judgment was entered on November 28, 2018. (Dkt. 103.) On February 25, 2019, Plaintiffs filed the instant Motion for Attorney Fees and Expenses which the Court now takes up. (Dkt. 104.)

## STANDARD OF LAW

The Equal Access to Justice Act (EAJA) provides that a court "shall award" attorneys' fees to a "prevailing party other than the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Fees and other expenses

ORDER - 4

include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). If the government's position is not substantially justified, it is within the Court's discretion under the EAJA to determine what fees are reasonable. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 160-61 (1990).

To be entitled to an award of fees, therefore, the EAJA requires that: 1) the claimant be a prevailing party; 2) the claimant be eligible for an award; 3) the Government's position was not substantially justified; 4) no special circumstances make an award unjust; and 5) the fee application must be timely submitted and be supported by an itemized statement. *See* 28 U.S.C. § 2412; *Ibrahim v. United States Dept. of Homeland Security*, 912 F.3d 1147, 1167 (9th Cir. 2019) (quoting *Jean*, 496 U.S. at 158).

Plaintiffs' Motion for Attorney Fees in this case is timely and complete. 28 U.S.C. §§ 2412(d)(1)(B); (2)(G); (Dkt. 104.) The parties dispute the remaining requirements for attorney fees and whether the requested fees are reasonable.

## DISCUSSION

**1.  Prevailing Party**

A party is considered a "prevailing party" under the EAJA when: (1) it achieves relief on the merits of its claim; (2) the relief received materially alters the legal relationship of the parties by modifying the defendant's behavior in a way that directly benefits plaintiff; and (3) the relief is accompanied by "judicial imprimatur on the change." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 604-605 (2001); *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002)

ORDER - 5

(applying *Buckhannon* definition of "prevailing party" to EAJA). A party need not succeed on all of its claims; rather, prevailing party status looks to whether the party "succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." *United States v. Real Prop. Known as 22249 Dolorosa St., Woodland Hills, Cal.*, 190 F.3d 977, 981 (9th Cir. 1999).

"A material alteration of the parties' legal relationship occurs when 'the plaintiff can force the defendant to do something he [or she] otherwise would not have to do.'" *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 716 (9th Cir. 2013) (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000)). "Judicial imprimatur can come in the form of an enforceable judgment on the merits or a court-ordered consent decree…, but those are not the exclusive means of satisfying the requirement." *Higher Taste*, 717 F.3d at 715. "Other court-approved actions will suffice, provided they entail a judicial determination that the claims on which the plaintiff obtains relief are potentially meritorious." *Id.* (citing *Buckhannon*, 532 U.S. at 606).

Here, Plaintiffs are the prevailing party on the APA rulemaking requirements claim and the FACA claim. (Dkt. 95.) While the Court denied much of the relief requested by Plaintiffs, the Court did award Plaintiffs some relief on these two claims by ordering Defendants to provide the requisite public notice and commenting on the Deregulation Protocols and to make available to Plaintiffs all past recommendations and/or information produced by the working group and prohibiting Defendants from relying on any past recommendations or findings of the working group in the future. (Dkt. 95.) That relief

materially altered the parties' legal relationship and was accompanied by judicial imprimatur. Plaintiffs are, therefore, the prevailing party on two of their claims.

**2.      Substantial Justification**

Despite being a prevailing party, attorney's fees are not granted if the government can show that its positions were substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Substantially justified means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Ninth Circuit and the vast majority of courts of appeals require a reasonable basis both in law and fact supporting the government's position. *Id.* "Put another way, substantially justified means that there is a dispute over which reasonable minds could differ." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (quoting *League of Women Voters of California v. FCC*, 798 F.2d 1255, 1260 (9th Cir. 1986)).

"The government has the burden of demonstrating substantial justification." *Oregon Nat. Res. Council v. Madigan*, 980 F.2d 1330, 1331 (9th Cir. 1992). "To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree'…but only that its position is one that 'a reasonable person could think it correct, that is, [that the position] has a reasonable basis in law and fact.'" *Ibrahim v. U.S. Dept. of Homeland Security*, 912 F.3d 1147, 1167-68 (9th Cir. 2019) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988)); *see also Gonzales*, 408 F.3d at 618

(Substantially justified means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.").

"That the government lost (on some issues) does not raise a presumption that its position was not substantially justified." *Ibrahim*, 912 F.3d at 1168; *Pierce*, 487 U.S. at 569 (stating that the government "could take a position that is substantially justified, yet lose"). The Court must "consider whether the government's position 'as a whole' has 'a reasonable basis in both law and fact.'" *Id.* (citations omitted). In making this determination, the Ninth Circuit has directed:

> When evaluating the government's "position" under the EAJA, we consider both the government's litigation position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(1)(B). Thus, the substantial justification test is comprised of two inquiries, one directed toward the government agency's conduct, and the other toward the government's attorneys' conduct during litigation. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001). The test is an inclusive one; we consider whether the government's position "as a whole" has "a reasonable basis in both law and fact." *Id.* at 1258, 1261; *see also Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

*Ibrahim*, 912 F.3d at 1168; *see also League of Women Voters*, 798 F.2d at 1258 ("In analyzing the reasonableness of the government's position under the 'totality of the circumstances' test, we must look both to the position asserted by the government in the trial court as well as the nature of the underlying government action at issue."). To determine whether the government's position was substantially justified, the Court must take into account the totality of the circumstances. *Bullfrog Films, Inc. v. Wick*, 959 F.2d 782, 784 (9th Cir. 1992). Not every regulation violation renders an agency's action

unreasonable. *Meinhold v. United States Dept. of Defense*, 123 F.3d 1275, 1278 (9th Cir.1997). "The government may avoid EAJA fees if it can prove that the regulation it violated was ambiguous, complex, or required exceptional analysis." *Id.*

Here, Defendants argue their position, on whole, was substantially justified. Defendants maintain the agency's actions underlying the lawsuit were done on an emergency basis to stop the spread of PCN and preserve consumer confidence and that the agency's litigation position was reasonable and necessary in order to defend against Plaintiffs' attempt to immediately end the quarantine and regulation of the potato fields. (Dkt. 109.) Plaintiffs assert the agency's conduct was not substantially justified because it established and utilized the working group as an advisory committee without satisfying FACA's mandatory procedural requirements. (Dkt. 104, 112.)

The Court finds the Defendants' position, on whole, both as to the underlying actions and during litigation, had a reasonable basis in law and fact and was substantially justified. The agency had to respond quickly to the discovery of PCN in the Idaho potato fields in order to minimize the wide-ranging fallout that could have occurred. The agency's actions in doing so were reasonable and necessary to address and minimize the impact of the PCN discovery. For the same reasons, the agency's litigation position was also reasonable and substantially justified. While the emergent nature of the circumstances may have abated by the time this litigation ensued, the concerns necessitating the agency's response remained. (Dkt. 95.) Had Plaintiffs obtained the full relief they sought in this case – i.e., lifting the quarantine and regulations of the fields – the likely consequences of that

relief would have resulted in the same far-reaching negative impacts on Idaho's potato industry that the agency was attempting to thwart by acting quickly to confine prior to this case being filed. (Dkt. 95.) Notably, the federal Defendants also had sufficient facts and supportable legal arguments to prevail on the NEPA and Tenth Amendment claims. On those claims where the agency did not prevail, the violations were procedural. The Court does not minimize those violations but does find that, given the circumstances, the agency's actions, on whole, were substantially justified and their position with regard to the procedural requirements of the APA and FACA were reasonable in both law and fact.

In sum, the Defendants' position, on whole, was reasonable and legally and factually supported. (Dkt. 95.) Although the Court ultimately concluded the Defendants had violated particular procedural requirements, that conclusion required exceptional analysis as evidenced by the Court's forty-three page decision on the motions for summary judgment. *Meinhold*, 123 F.3d at 1278 (The government may avoid EAJA fees if it can prove that the regulation it violated was ambiguous, complex, or required exceptional analysis.) Having conducted that lengthy analysis and being intimately familiar with the record in this case, and based on the entire record, the Court finds Defendants' underlying actions and litigation positions both had a reasonable basis in law and fact and were substantially justified. Accordingly, Plaintiffs' motion for attorneys' fees and expenses under the EAJA is denied.

3.    **Special Circumstances**

Even if substantial justification did not exist, the Court would deny the motion because the special circumstances of this case make an award of attorney fees unjust.

A Court may not award attorney's fees under the Equal Access to Justice Access where "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing that special circumstances exist to make an award unjust. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

The "special circumstances" exception to the mandatory award of attorney fees when the government's position was not substantially justified was developed to ensure that the government is not deterred from advancing good faith but novel legal arguments and to protect the court's discretion to rely on equitable factors in denying a fee award. *Abela v. Gustafson*, 888 F.2d 1258, 1266 (9th Cir. 1989) (citing H.R. Rep. No. 96–1418 at 11 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4953, 4990).[4] The EAJA thus explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party. The exception "should only be invoked with caution" *Lucas v. White*, 63 F. Supp. 2d 1046, 1056 (N.D. Cal. 1999).

---

[4] The House Report accompanying the EAJA states:
> Furthermore, the Government should not be held liable where special circumstances would make an award unjust. This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.

H.R.Rep. No. 1418, 96th Cong., 2d Sess. at 11, reprinted in 1980 U.S. Code Cong. & Ad. News, 4953, 4984, 4990.

ORDER - 11

This case is one of the exceptions where special circumstances exist. Here, the agency was required to act quickly to address the discovery of PCN in the potato fields in eastern Idaho and minimize the potential ramifications from that discovery. As discussed in the Court's order on summary judgment, which is incorporated herein, the consequences of discovering PCN in Idaho potato fields were real, far-reaching, and wide-ranging. (Dkt. 95.) The agencies, both state and federal, acted reasonably and expeditiously to address and minimize those impacts. Those actions benefited the entire potato industry in Idaho, including Plaintiffs. While the agency violated certain procedural processes, the overarching thrust of the agency's actions both prior to and during this litigation were reasonable and necessary to address the special circumstances presented by the discovery of PCN in certain potato fields. The motion for attorney fees and costs under the EAJA is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Attorney Fees (Dkt. 104) is **DENIED**.

Dated: **November 14, 2019**

Honorable Edward J. Lodge
United States District Judge